NORTHERN DISTRICT

FILED

JUN 1 1 2009

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID SHAWN JOHNSON,                §
                                    §
            Applicant,              §
                                    §
VS.                                 §    NO. 4:08-CV-461-A
                                    §
NATHANIEL QUARTERMAN,               §
Director, Texas Department of       §
Criminal Justice,                   §
Correctional Institutions           §
Division,                           §
                                    §
            Respondent.             §

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the above-captioned action wherein

David Shawn Johnson ("Johnson") is applicant and Nathaniel

Quarterman, Director, Texas Department of Criminal Justice,

Correctional Institutions Division, is respondent.  This is an

application for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254.[1]  On April 22, 2009, the United States Magistrate Judge

issued his proposed findings, conclusions, and recommendation

("FC&R"), and ordered that the parties file objections, if any,

thereto by May 13, 2009.  Copies of the FC&R were sent to Johnson

and respondent. Respondent timely filed objections, and Johnson

filed no further response.

_____

[1]The title of the document filed by Johnson was "Petition for Writ of Habeas Corpus by a Person in State Custody." Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed  August 4, 2008, as an "application."

I.

Background

A brief review of the factual and procedural background of this case, as set forth in the FC&R, is pertinent here. Johnson is currently serving a 25-year sentence on his 1993 conviction for burglary of a vehicle. Johnson was granted parole on August 5, 2005, but was arrested on October 12, 2006, for evading arrest. The Texas Board of Pardons and Paroles ("Board") subsequently issued a pre-revocation warrant for his arrest, which was executed on October 20, 2006. On April 23, 2007, Johnson was found guilty on the new charge in the 396th District Court of Tarrant County and sentenced to six months' imprisonment. Although the Board scheduled a parole revocation hearing for June 1, 2007, due to procedural concerns the hearing was reset for June 21, 2007. At the hearing on that date, the Board revoked Johnson's parole.

Johnson's attorney filed a state application for writ of habeas corpus on July 5, 2007, and also filed a Motion to Reopen Hearing or Reinstate Supervision ("Motion to Reopen") on July 16, 2007. On August 8, 2007, the Texas Court of Criminal Appeals denied Johnson's state habeas application without written order. On September 4, 2007, the Board denied the Motion to Reopen. Johnson filed a second, pro se Motion to Reopen on October 17, 2007, which the Board denied on November 6, 2007. Johnson filed his federal

application for habeas relief on July 30, 2008.

In his answer, respondent urged that Johnson's application was untimely under 28 U.S.C. § 2244(d)(1)(D), which imposes a one-year limitations period running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[2] Section 2244(d)(2) further provides that

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent recognized that Johnson's application for state habeas relief tolled the limitations period for 34 days, making the application due on or before July 25, 2008, but argued that his Motion to Reopen failed to toll the limitations period, as it is not a "State collateral review" within the meaning of § 2244(d). Acknowledging that various district courts to address the matter have reached different conclusions, out of an abundance of caution the magistrate judge concluded that the Motion to Reopen tolled the limitations period an additional 27 days while it was still pending after denial of Johnson's state habeas application, thus making the

---

[2] 28 U.S.C. § 2244(d) sets forth four possible dates from the statute of limitations may run. Only the one applicable to the present action is included here.

deadline for his federal habeas application August 21, 2008. As Johnson filed the instant application on July 30, 2008, the magistrate judge concluded it was timely filed, but nevertheless concluded it should be denied on the merits.

Respondent, while concurring with the conclusion that the application is without merit, objects to the magistrate judge's finding that the application was timely filed, contending instead that it should be dismissed as untimely under the provisions of § 2244(d)(1)(D). The court agrees.

II.

Analysis

Respondent argues that parole revocations are governed by an administrative process pursuant to 37 Tex. Admin. Code § 146.9 et seq., and that such proceedings are distinguishable from prison disciplinary proceedings and other prison dispute-resolution processes (such as resolution of time credit issues) because a challenge to parole revocation via state application for habeas corpus is not subject to any exhaustion-of-remedies requirement. For example, while a challenge to a prison disciplinary proceeding must proceed initially through the prison grievance procedure, no such procedure is required to challenge a parole revocation, which may be immediately challenged by an application for habeas relief. Compare Tex. Gov't Code § 501.0081 (setting forth dispute

resolution process for good-time credits disputes and requiring compliance prior to filing application for writ of habeas corpus) and § 508.281(b)(indicating finality of parole revocation hearing with no requirement for dispute resolution process prior to filing state habeas application); see also Board of Pardons and Paroles ex rel Keene v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)(parole revocation dispute must be brought to court's attention through application for writ of habeas corpus). Thus, while a prisoner who wishes to challenge a parole revocation may request that the Board reopen the revocation hearing, he is not required to do so and may immediately challenge the revocation by filing a state application for writ of habeas corpus. See id.; see also Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998)("claims regarding parole revocation hearings are cognizable" on application for writ of habeas corpus); see generally 37 Tex. Admin. Code § 146.09-.11 (describing procedures for revocation hearing and request to reopen).  Respondent further argues that state administrative decisions such as a parole revocation are not "state court judgments" encompassed by "collateral review" as set forth in § 2244(d)(2).

Finally, respondent notes that the magistrate judge relied in part on a decision of the United States District Court for the Western District of Texas, Midland/Odessa Division, in Wion v.

5

Dretke, case no 7:05-CV-146-RAJ, which held that § 2244(d)'s
limitations period is tolled from the date a prisoner's request for
special review of the denial of his parole is filed with the Board
until the date that request is denied. After the magistrate judge
issued the FC&R, the Fifth Circuit reversed the District Court's
decision in Wion. The Fifth Circuit contrasted the regulations
creating the special review process with those governing prison
good-time credits, observing that while the latter require an
administrative procedure prior to a prisoner filing an application
for state habeas relief, the former have no such requirement. The
Fifth Circuit reasoned that because Wion was not required to seek
special review of the Board to exhaust state remedies prior to
filing an application for habeas relief, the limitations period was
not tolled during the pendency of his request for special review.

Respondent argues that the same reasoning applies in the
present action: because Johnson was not required to exhaust any
state remedy by filing a motion to reopen his parole revocation
proceeding prior to filing an application for state habeas relief,
that motion should similarly not toll the limitations period under
§ 2244(d).

The court concludes that respondent's objections have merit,
and that the magistrate judge should have dismissed Johnson's
application as untimely. The court agrees with respondent, and with

other courts that have similarly concluded, that because nothing in Texas law requires a prisoner to file a motion to reopen a revocation hearing prior to filing a state application for writ of habeas corpus, such a discretionary motion should not toll the limitations period of § 2254(d). See, e.g., Williams v. Director, TDCJ-CID, No. 9:07-CV-67, 2007 WL 2408529 (E.D. Tex. Aug. 21, 2007); Selvage v. Johnson, No. 2:00-CV-0114, 2001 WL 194748 (N.D. Tex. Feb. 23, 2001); see also Evans, 964 S.W.2d at 646-47. This view is consistent with the Fifth Circuit's reasoning in Wion. Accordingly, the court rejects the magistrate judge's finding that Johnson's application was timely filed because his Motion to Reopen tolled the limitations period under § 2244(d).

### III.

### Order

For the reasons discussed,

The court rejects the proposed findings, conclusions, and recommendation of the United States Magistrate Judge, and ORDERS that the application of Johnson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

SIGNED June 11, 2009.

JOHN McBRYDE
United States District Judge